IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC. <br> 425 Third Street, SW, Suite 800 <br> Washington, DC  20024, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE <br> 950 Pennsylvania Avenue, NW <br> Washington, DC  20530-0001, <br><br> and <br><br> UNITED STATES DEPARTMENT OF <br> HOMELAND SECURITY, <br> 601 South 12th Street <br> Arlington, VA 22202, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br> Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendants U.S. Department of Justice and U.S. Department of Homeland Security to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").   As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 425 Third

Street, SW, Suite 800, Washington, DC  20024.  Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law.  In furtherance of its public interest mission, Judicial Watch regularly requests access to public records of federal, state, and local government agencies and officials and disseminates its findings to the public.

4. Defendant U.S. Department of Justice ("DOJ") is an agency of the U.S. Government and is headquartered at 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.  Defendant has possession, custody, and control of public records to which Plaintiff seeks access.

5. Defendant U.S. Department of Homeland Security ("DHS") is an agency of the United States Government and is headquartered at United States Department of Homeland Security, 601 South 12th Street, Arlington, VA 22202.  Defendant has possession, custody, and control of public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

6. On June 22, 2012, Plaintiff submitted a FOIA request to the Office of Legal Counsel ("OLC"), a component of DOJ, seeking access to the following public records:

> All records concerning, regarding, or relating to the Department of Homeland Security's decision to exercise prosecutorial discretion with respect to individuals who came to the United States as children as outlined in a June 15, 2012 Memorandum by Secretary Napolitano.  Such records include, but are not limited to, opinions, memoranda, or legal advice rendered by the Office of Legal Counsel.

7. By letter dated July 20, 2012, OLC acknowledged receiving Plaintiff's FOIA request on June 25, 2012 and assigned the request tracking number FY12-096.

8. OLC's July 20, 2012 letter did not state whether a determination to comply with Plaintiff's FOIA request had been made. Nor did the letter notify Plaintiff of any such determination, the reasons therefor, or the right to appeal any adverse determination.

9. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), OLC was required to determine whether to comply with Plaintiff's FOIA request within twenty (20) working days after its receipt of the request on June 25, 2012, or by July 24, 2012. It also was required to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination.

10. On June 22, 2012, Plaintiff also submitted a FOIA request to DHS seeking access to the following public records:

> (1) All records concerning, regarding, or relating to the DHS decision to exercise prosecutorial discretion with respect to individuals who came to the United States as children as outlined in a June 15, 2012 Memorandum by Secretary Napolitano. Such records include, but are not limited to, communications, meeting notes and agenda, briefing materials, and policy memoranda.
>
> (2) All records concerning, regarding, or relating to the legal authority for the DHS decision to exercise prosecutorial discretion with respect to individuals who came to the United States as children as outlined in a June 15, 2012 Memorandum by Secretary Napolitano.

11. By letter dated July 5, 2012, DHS acknowledged receiving Plaintiff's request on June 28, 2012 and assigned the request reference number DHS/OPS/PRIV 12-0559. In addition, DHS informed Plaintiff that, pursuant to 5 U.S.C. §552(a)(6)(B)(i)-(iii), it had granted itself a ten day extension of time in which to make a determination on Plaintiff's request.

12. DHS's July 5, 2012 letter did not state whether a determination to comply with Plaintiff's FOIA request had been made. Nor did the letter notify Plaintiff of any such determination, the reasons therefor, or the right to appeal any adverse determination.

13. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), DHS was required to determine whether to comply with Plaintiff's FOIA request within twenty (20) working days after its receipt of the request and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination. Because DHS had granted itself an extension of time pursuant to 5 U.S.C. §552(a)(6)(B)(i), its determination was not due until August 10, 2012 at the latest.

14. As of the date of the Complaint, Defendants have failed to: (i) determine whether to comply with Plaintiff's FOIA requests; (ii) notify Plaintiff of any such determinations or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determinations; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

15. Because Defendants have failed to comply with the time limits set forth in 5 U.S.C. § 552(a)(6)(A) and 5 U.S.C. §552(a)(6)(B)(i), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its FOIA requests, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

16. Plaintiff realleges paragraphs 1 through 15 as if fully stated herein.

17. Defendants are unlawfully withholding public records requested by Plaintiff pursuant to 5 U.S.C. § 552.

18. Plaintiff is being irreparably harmed by reason of Defendants' unlawful withholding of the requested public records, and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to conform their conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendants to conduct searches for any and all records responsive to Plaintiff's FOIA requests and demonstrate

that they employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests; (2) order Defendants to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and *Vaughn* indexes of any responsive records withheld under claim of exemption; (3) enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  August 15, 2012                                             Respectfully submitted,

/s/ Paul J. Orfanedes
Paul J. Orfanedes (D.C. Bar No. 429716)
JUDICIAL WATCH, INC.
425 Third Street, S.W., Suite 800
Washington, DC 20024
(202) 646-5172

*Counsel for Plaintiff*